1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

| | |
|---|---|
| LA JOLLA COVE INVESTORS, INC., | CASE NO. 11cv1628 JM(RBB) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| SULTAN CORPORATION LIMITED, | |
| Defendant. | |

15    Defendant Sultan Corporation Limited ("Sultan") moves to dismiss two of the three claims

16 alleged in the First Amended Complaint ("FAC").  Plaintiff La Jolla Cove Investors, Inc. ("La Jolla

17 Cove") opposes the motion.  Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate

18 for decision without oral argument.  For the reasons set forth below, the court grants the motion to

19 dismiss the specific performance and conversion causes of action.  Sultan is instructed to file an

20 answer to the remaining breach of contract claim within the time period provided by Fed.R.Civ.P. 12.

21                                          **BACKGROUND**

22    On July 22, 2011, Sultan, a citizen of Australia, removed this action from state court pursuant

23 to 28 U.S.C. §1332(a)(2) because La Jolla Cove is a citizen of California and Sultan a citizen of a

24 foreign country.  (Notice of Removal ¶7).  La Jolla Cove's claims arise from a July 19, 2010 Funding

25 Agreement ("Agreement") entered into between the parties.  (Compl. ¶7).

26    Pursuant to the Agreement, La Jolla Cove provided funding in the amount of $750,000 in

27 exchange for a secured debenture, the 4.75% Convertible Note ("Note"). The Agreement and Note

28 provided that "La Jolla Cove was entitled, at its option, to convert the Note up to the full principal

1  amount into common shares of Sultan." (Coml. ¶9).  During the period between July 19, 2010 and

2  December 1, 2010, Sultan honored the conversions under the Note and Agreement equal to an

3  aggregate principal amount of $312,079.  (Compl. ¶13).

4      On February 28, 2011 La Jolla Cove exercised its rights to convert the principal amount of

5  $437,921.  (Compl. ¶13).  Sultan allegedly refused to issue the shares as required by the Note and

6  Agreement.  At the time of the most recent conversion, the purchase price for the publicly traded

7  shares was AU$0.009 per share.  As of April 21, 2011, one day before commencing this action, the

8  shares of Sultan traded at AU$.031 per share.  (Compl. ¶17).

9      Based upon this generally described conduct, La Jolla Cove alleges three causes of action for

10 breach of contract, specific performance, and conversion.  Sultan now moves to dismiss the specific

11 performance and conversion causes of action.

12                                              **DISCUSSION**

13 **Legal Standards**

14     Under Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary"

15 cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant

16 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts

17 to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

18 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are

19 insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550

20 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is

21 entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must

22 do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard

23 is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

24 has acted unlawfully." Id. at 1949.  Thus, "threadbare recitals of the elements of a cause of action,

25 supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of

26 the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.

27 Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however,

28 consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard

1   Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

2          Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

3   v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

4   courts must accept as true all material allegations in the complaint, as well as reasonable inferences

5   to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).   However,

6   conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

7   motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

8   **The Claim for Specific Performance**

9          The general rule for invoking specific performance in the context of a breach of agreement is

10  that an "agreement to transfer personal property will not justify specific performance, except in case

11  of unique chattels such as heirlooms, or shares of stock not obtainable in the open market." 11 Witkin,

12  Summary of California Law §27 (9th Ed. 1994); Treasurer v. Commercial Coal Mining Co., 23 Cal.

13  390, 392 (1863) (specific performance is not an available remedy to public stocks that are commonly

14  bought and sold in the market).  Here, the alleged failure to convert monies under the Note and

15  Agreement does not involve the transfer of any unique property.  Stock in a publicly traded company

16  like Sultan appears fungible and La Jolla Cove fails to identify any circumstance under which

17  monetary damages will not adequately compensate for the alleged breach.  While La Jolla Cove

18  appears to allege that the conversion price as of February 28, 2011 was about AU$0.009 per share on

19  the date of the breach (and increased in value to AU$0.031 as of the April 22, 2001 complaint filing

20  date, Compl. ¶17), the well-established rule under California law is that damages are determined at

21  the time of the breach. See Caminetti v. Manierre, 23 Cal.2d 94, 103 (1943); Cal. Civil Code §3300.

22  Moreover, it appears that an award of prejudgment interest would adequately compensate La Jolla

23  Cove for the time-value of money.[1]

24         In sum, the court grants the motion to dismiss the claim for specific performance because the

25  remedy at law appears adequate to compensate La Jolla Cove for any compensatory damages

26

27         [1] The court notes the general rule that damages are determined at the time of the breach. While
    limiting a windfall for a post-breach run-up in the value of Sultan common stock, such a rule would
28  also protect La Jolla Cove against a precipitous post-breach decline in the value of Sultan stock.

1   proximately caused by Sultan's alleged breach.

2   **The Conversion Claim**

3       "Conversion is the wrongful exercise of dominion over the property of another. The elements

4   of a conversion are the plaintiff's ownership or right to possession of the property at the time of the

5   conversion; the defendant's conversion by a wrongful act or disposition of property rights; and

6   damages." Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 451 (1997).  However, no claim for

7   conversion will lie where the right to payment is a mere contractual one. Imperial Valley Co. v. Globe

8   Grain and Milling Co., 187 Cal. 352, 354 (1921).  In Imperial Valley, the parties entered into an

9   agreement whereby the landlord of real property would permit the tenant to raise cotton on the

10  property in exchange for one quarter of the crop as a rental fee.  However, the tenant sold the entire

11  crop and used the proceeds to pay other debts of the tenant. The landlord then brought an action for

12  conversion. The California Supreme Court concluded that no claim was stated because the rental

13  agreement established no title to or lien upon the crop but only established the measure of damages

14  for breach of contract. Id. at 53–354.

15      Here, as in Imperial Valley, the Note and Agreement establish the measure of

16  damages for Sultan's alleged failure to comply with its contractual obligations and does not give rise

17  to an independent tort.  The Note and Agreement do not establish ownership rights in Sultan's shares,

18  only contingent ones.  The conversion claim alleges that Sultan "wrongfully and unreasonably failed

19  to issue shares of common stock in Sultan as required under the terms of the Note and the Agreement."

20  (FAC ¶33).  Such an allegation "does not convert a contract action into a tort claim exposing the

21  breaching party to liability for punitive damages." JRS Products, Inc. v. Matsushita Elec. Corp. Of

22  America, 115 Cal.App.4th 168, 182 (2004).  In essence, the central allegation is that Sultan breached

23  its contract by not converting the shares as requested, pursuant to the terms of the Note and

24  Agreement.  Such an allegation is insufficient to give rise to a claim for conversion above the

25  speculative level. Twombly, 550 U.S. at 555.

26      The court further notes that the underlying Note and Agreement do not involve the

27  performance of services which would give rise to the common-law duty to perform with care, skill,

28  and faithfulness. See Perry v. Robertson, 201 Cal.App.3d 333, 340 (1988);  Allred v. Bekins Wide

- 4 -

1  World Van Services, 45 Cal.App.3d 984 (1975).  Purposeful breaches of contract, like those alleged

2  in the FAC, "are to be anticipated with only contract damages as a remedy."  Quigley v. Pet, Inc., 162

3  Cal.App.3d 877, 893 (1984).  Absent an independent duty arising outside the context of the

4  contractual relationship, such as the provision or performance of services, La Jolla Cove fails to state

5  a claim for conversion.

6       In sum, the court grants the motion to dismiss the specific performance and conversion causes

7  of action.  Sultan is instructed to respond to the remaining cause of action alleged in the complaint

8  within the time provided by Fed.R.Civ.P. 12.

9       **IT IS SO ORDERED.**

10  DATED:  October 17, 2011

11                                                                     _____

                                                                       Hon. Jeffrey T. Miller
12                                                                     United States District Judge

13

14  cc:          All parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28