# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LA JOLLA COVE INVESTORS, INC., | CASE NO. 11cv1628 JM(RBB) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| SULTAN CORPORATION LIMITED, | |
| Defendant. | |

Defendant Sultan Corporation Limited ("Sultan") moves to dismiss two of the three claims alleged in the First Amended Complaint ("FAC"). Plaintiff La Jolla Cove Investors, Inc. ("La Jolla Cove") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the specific performance and conversion causes of action. Sultan is instructed to file an answer to the remaining breach of contract claim within the time period provided by Fed.R.Civ.P. 12.

## BACKGROUND

On July 22, 2011, Sultan, a citizen of Australia, removed this action from state court pursuant to 28 U.S.C. §1332(a)(2) because La Jolla Cove is a citizen of California and Sultan a citizen of a foreign country. (Notice of Removal ¶7). La Jolla Cove's claims arise from a July 19, 2010 Funding Agreement ("Agreement") entered into between the parties. (Compl. ¶7).

Pursuant to the Agreement, La Jolla Cove provided funding in the amount of $750,000 in exchange for a secured debenture, the 4.75% Convertible Note ("Note"). The Agreement and Note provided that "La Jolla Cove was entitled, at its option, to convert the Note up to the full principal

amount into common shares of Sultan." (Coml. ¶9). During the period between July 19, 2010 and December 1, 2010, Sultan honored the conversions under the Note and Agreement equal to an aggregate principal amount of $312,079. (Compl. ¶13).

On February 28, 2011 La Jolla Cove exercised its rights to convert the principal amount of $437,921. (Compl. ¶13). Sultan allegedly refused to issue the shares as required by the Note and Agreement. At the time of the most recent conversion, the purchase price for the publicly traded shares was AU$0.009 per share. As of April 21, 2011, one day before commencing this action, the shares of Sultan traded at AU$.031 per share. (Compl. ¶17).

Based upon this generally described conduct, La Jolla Cove alleges three causes of action for breach of contract, specific performance, and conversion. Sultan now moves to dismiss the specific performance and conversion causes of action.

## DISCUSSION

**Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard

1  Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

2  Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha
3  v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly,
4  courts must accept as true all material allegations in the complaint, as well as reasonable inferences
5  to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,
6  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)
7  motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

8  **The Claim for Specific Performance**

9  The general rule for invoking specific performance in the context of a breach of agreement is
10 that an "agreement to transfer personal property will not justify specific performance, except in case
11 of unique chattels such as heirlooms, or shares of stock not obtainable in the open market." 11 Witkin,
12 Summary of California Law §27 (9th Ed. 1994); Treasurer v. Commercial Coal Mining Co., 23 Cal.
13 390, 392 (1863) (specific performance is not an available remedy to public stocks that are commonly
14 bought and sold in the market).  Here, the alleged failure to convert monies under the Note and
15 Agreement does not involve the transfer of any unique property.  Stock in a publicly traded company
16 like Sultan appears fungible and La Jolla Cove fails to identify any circumstance under which
17 monetary damages will not adequately compensate for the alleged breach.  While La Jolla Cove
18 appears to allege that the conversion price as of February 28, 2011 was about AU$0.009 per share on
19 the date of the breach (and increased in value to AU$0.031 as of the April 22, 2001 complaint filing
20 date, Compl. ¶17), the well-established rule under California law is that damages are determined at
21 the time of the breach. See Caminetti v. Manierre, 23 Cal.2d 94, 103 (1943); Cal. Civ. Code §3300.
22 Moreover, it appears that an award of prejudgment interest would adequately compensate La Jolla
23 Cove for the time-value of money.[1]

24 In sum, the court grants the motion to dismiss the claim for specific performance because the
25 remedy at law appears adequate to compensate La Jolla Cove for any compensatory damages

---

[1] The court notes the general rule that damages are determined at the time of the breach. While limiting a windfall for a post-breach run-up in the value of Sultan common stock, such a rule would also protect La Jolla Cove against a precipitous post-breach decline in the value of Sultan stock.

proximately caused by Sultan's alleged breach.

**The Conversion Claim**

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." Farmers Ins. Exchange v. Zerin, 53 Cal.App.4th 445, 451 (1997). However, no claim for conversion will lie where the right to payment is a mere contractual one. Imperial Valley Co. v. Globe Grain and Milling Co., 187 Cal. 352, 354 (1921). In Imperial Valley, the parties entered into an agreement whereby the landlord of real property would permit the tenant to raise cotton on the property in exchange for one quarter of the crop as a rental fee. However, the tenant sold the entire crop and used the proceeds to pay other debts of the tenant. The landlord then brought an action for conversion. The California Supreme Court concluded that no claim was stated because the rental agreement established no title to or lien upon the crop but only established the measure of damages for breach of contract. Id. at 53–354.

Here, as in Imperial Valley, the Note and Agreement establish the measure of damages for Sultan's alleged failure to comply with its contractual obligations and does not give rise to an independent tort. The Note and Agreement do not establish ownership rights in Sultan's shares, only contingent ones. The conversion claim alleges that Sultan "wrongfully and unreasonably failed to issue shares of common stock in Sultan as required under the terms of the Note and the Agreement." (FAC ¶33). Such an allegation "does not convert a contract action into a tort claim exposing the breaching party to liability for punitive damages." JRS Products, Inc. v. Matsushita Elec. Corp. Of America, 115 Cal.App.4th 168, 182 (2004). In essence, the central allegation is that Sultan breached its contract by not converting the shares as requested, pursuant to the terms of the Note and Agreement. Such an allegation is insufficient to give rise to a claim for conversion above the speculative level. Twombly, 550 U.S. at 555.

The court further notes that the underlying Note and Agreement do not involve the performance of services which would give rise to the common-law duty to perform with care, skill, and faithfulness. See Perry v. Robertson, 201 Cal.App.3d 333, 340 (1988); Allred v. Bekins Wide

1  World Van Services, 45 Cal.App.3d 984 (1975).  Purposeful breaches of contract, like those alleged
2  in the FAC, "are to be anticipated with only contract damages as a remedy."  Quigley v. Pet, Inc., 162
3  Cal.App.3d 877, 893 (1984).  Absent an independent duty arising outside the context of the
4  contractual relationship, such as the provision or performance of services, La Jolla Cove fails to state
5  a claim for conversion.
6      In sum, the court grants the motion to dismiss the specific performance and conversion causes
7  of action.  Sultan is instructed to respond to the remaining cause of action alleged in the complaint
8  within the time provided by Fed.R.Civ.P. 12.
9      **IT IS SO ORDERED.**
10 DATED: October 17, 2011
11                                   Hon. Jeffrey T. Miller
12                                   United States District Judge
13
14 cc:        All parties